UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE LAWSON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>TEHAMA COUNTY, et al.,<br><br>　　　　　Defendants. | No. 2:17-cv-01276 TLN GGH<br><br>FINDINGS AND RECOMMENDATIONS |

*INTRODUCTION AND SUMMARY*

Plaintiff Lee Lawson ("Lawson") claims that he was unlawfully singled out by government officials in Tehama County when they forced him to remove his outbuildings/trailers from his 320 acre parcels, and when his expensive well was destroyed pursuant to a seizure warrant. Several motions to dismiss have been filed in this case. As a result, Lawson has been authorized to proceed with an equal protection claim, and was permitted one more opportunity to plead a Fourth Amendment violation occasioned by his allegation that the affiant for the seizure warrant made false assertions in the warrant application affidavit.

This Findings and Recommendations involves Defendant's latest motion to dismiss the Fourth Amendment claim. For unknown reasons, Lawson filed no timely non-opposition, or

opposition at all.  The undersigned ordered that the matter proceed to resolution without hearing based solely on Defendant's moving papers.  ECF No. 39.  For the reasons set forth, the undersigned recommends that the Motion be granted.

*The Second Amended Complaint's Fourth Amendment Allegations*

There is no need to once again detail all the facts set forth in the Second Amended Complaint (SAC).  Suffice it to say that in general, Lawson has stated an equal protection claim alleging that defendant Tehama County officials and neighbor Meyers conspired for the benefit of Meyers to harass Lawson to the point that he might give up on developing or using Lawson's newly purchased property.  Lawson claims that the compelled removal by Tehama County of outbuildings and/or trailers, and the destruction of an expensive well, were the actions which effected the equal protection violation.

One discrete action to which Lawson claims he was subjected was the administrative seizure warrant procured by defendant Weston which resulted in the seizure/destruction of the well.  This forms the basis of Plaintiff's Fourth Amendment claim.  Lawson specifically alleges that Weston procured the warrant by means of the following false averments in the warrant application affidavit/declaration:

1. "The Plaintiff's property constituted a public nuisance subject to abatement under Chapter 10.16 of the Tehama County Code."

2. The "subjects" on the subject property were armed with assault rifles and have fired shots on the property;

3. Plaintiff told Deputy Squires that if law enforcement came back to the property, "they had better come prepared," i.e. entry by law enforcement would be forcibly resisted.  SAC at 10-11 (ECF No. 34)

Facts of which judicial notice may be taken[1] are that on August 17, 2017, plaintiff's well

---

[1] The court may take judicial notice of official decisions taken, and their stated result, as opposed to whether the justification(s) set forth therein were factually accurate or credible.  See Lawson v. Tehama County, 2018 WL 619474 *4 (E.D. Cal. 2018), where the undersigned explained that the fact of a decision and its stated result could be the subject of judicial notice, but the correctness or credibility of that decision could not.  A judge issuing a warrant would only be concerned with the fact a decision was made as well as the result, and absent truly extraordinary circumstances

2

was declared to be a public nuisance by the Tehama County Planning Commission, ECF No. 26, Exhibit B, and that this resolution was ultimately approved on August 29, 2017 by the Tehama County Board of Supervisors[2]; the seizure warrant was issued after these administrative decisions had been made, specifically, September 21, 2017 (affidavit having been prepared on September 19, 2017). ECF No. 26, Exhibit A.

*DISCUSSION*

As the undersigned set forth in the previous Findings and Recommendations:

> Generally, false allegations in an affidavit used to procure a warrant can give rise to a Fourth Amendment claim for unlawful arrest or seizure:
>
> If an officer knowingly or with reckless disregard for the truth includes materially false statements or omissions in a warrant affidavit, an arrest under the warrant can constitute a violation of the suspect's Fourth Amendment rights. *Franks v. Delaware*, 438 U.S. 154, 157, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). To succeed on her claim, Plaintiff must: (1) offer a "substantial showing" that [affiant's] warrant affidavit contained a false statement or omission that was deliberately false or made with reckless disregard for the truth; and (2) establish that "without the dishonestly included or omitted information the affidavit is insufficient to establish probable cause." *Mendocino Envtl. Ctr. v. Mendocino County*, 192 F.3d 1283, 1295 (9th Cir.1999); Cassette v. Kings County, 625 F.Supp.2d 1084, 1087 (W.D. WA. 2008). See also Pacific Marine Ctr. V. Silva, 809 F.Supp. 2d 1266 (E.D. Cal. 2011) (administrative warrant).

Lawson v. Tehama County, 2018 WL 619474 *4-5 (E.D. Cal. 2018).

Clearly, if the issue to be decided on this Motion to dismiss was the veracity of the warrant allegations set forth above, an evidentiary hearing would be necessary. However, such is not the case here because, as defendants observe, the allegedly false allegations regarding pre-entry notice (allegations 2 and 3 above) were not material to the issuance of the warrant *per se*. Moreover, Lawson would have to plead that he suffered some type of injury occasioned by the

---

would not question the bona fides of the administrative decision.

[2] No document has been appended to the Request for Judicial Notice demonstrating the Board's actions approving the Planning Commission's resolution; rather this fact is referenced in the seizure warrant application itself, ECF No. 26, Exhibit A. However, Lawson does not dispute that the Board took such action, and the court will deem it to be true.

3

unannounced warrant entry onto his large rural, uninhabited parcel, and this he has not done, and cannot do.

The one allegation potentially relevant to the issuance of the warrant was Lawson's assertion that the affidavit's statement that Lawson's well had been declared a public nuisance was false. (Allegation 1 above). However, taken on its face alone, the allegation is simply conclusionary, *and* in opposition to facts on which the court may take judicial notice. Clearly, there is no dispute as to the fact *per se* that an official pronouncement of "well nuisance" was made prior to the preparation and issuance of the warrant.

Thus, the SAC can only be read to assert that Lawson disputes the accuracy and fairness of the nuisance pronouncements. To support his Fourth Amendment claim, Lawson conflates evidence of all the alleged nefarious doings which resulted in an administrative finding that his well constituted a public nuisance with the truthfulness of the public nuisance statement *per se* in the warrant affidavit. That is, according to Lawson's assertions, if Lawson ultimately proves his equal protection claims-- the well nuisance finding was purposefully not accurate or was manufactured -- it also means that the undisputed fact in the warrant affidavit that his well had been found at the time of warrant issuance to be a nuisance becomes retrospectively false.

This cannot be. The seizure warrant affiant, Weston, was under no obligation to anticipate Lawson's allegations that his well did not constitute a nuisance, or disprove them, at the time Weston sought the warrant. Nor did the affiant have to lay bare any alleged, background illicit motivations/actions to obtain the nuisance findings, at risk of the warrant being later held invalid. Weston's statement that the well had been found to be a public nuisance was undisputedly true on its face at the time of warrant issuance, and that ends the warrant falsity issue. If the result could be otherwise, every time a trial disclosed evidence that underlying motives or preliminary actions, leading to an established fact existing when the warrant was procured, were unlawful, the warrant would become retroactively unlawful as well. The undersigned is unaware of any authority for such a proposition. Motivation and manufactured preliminary facts giving rise to an undisputed fact on which a warrant is based may be evidence of culpable government misconduct, but such is not governed by the Fourth Amendment—that is covered by the Fourteenth Amendment equal

protection and due process clauses.

Take for example, a criminal, unlawful drug distribution case. Perhaps the law officer's motivation for targeting a specific defendant was base upon self-interest, and the enticement of the defendant's participation in the drug distribution was intentionally induced. This does not mean that a warrant procured to search the defendants' residence, grounded on the undisputed, true fact that the officer observed unlawful drugs in the defendant's residence, was therefore premised on false information. Entrapment or outrageous government conduct, perhaps—but not a violation of the Fourth Amendment's warrant requirement.

The court need not explore defendants' alternative arguments concerning dismissal of the Fourth Amendment claim in whole or in part. Accordingly, the Fourth Amendment claim in the SAC should be finally dismissed.

*CONCLUSION*

IT IS HEREBY RECOMMENDED that the Fourth Amendment claim be dismissed from this action. As previously determined, the case should proceed on the equal protection/substantive due process claim against the county defendants and the trespass claim against defendant Meyers.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 9, 2018

    /s/ Gregory G. Hollows
    GREGORY G. HOLLOWS
    UNITED STATES MAGISTRATE JUDGE