UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE LAWSON, | No. 2:17-cv-1276-TLN-GGH |
| Plaintiff, | |
| v. | ORDER |
| TEHAMA COUNTY, et al., | |
| Defendants. | |

The parties have filed a joint statement regarding scheduling. Accordingly, the court makes the following findings and orders:

SERVICE OF PROCESS

All defendants have been served and no further service is permitted except with leave of court, good cause having been shown.

JOINDER OF PARTIES/AMENDMENTS

No further joinder of parties or amendments to pleadings is permitted except with leave of court, good cause having been shown.

JURISDICTION/VENUE

Jurisdiction is undisputed and is hereby found to be proper, as is venue.

DISCOVERY AND MOTION HEARING SCHEDULES

1. All law and motion except as to discovery is left open, save and except as follows.

Written discovery and deposition discovery as to percipient witnesses shall be left open and conducted so as to be completed by November 15, 2018 as to percipient witnesses, and January 3, 2019 as to expert witnesses. The word "completed" in this context means all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with. Motions to compel discovery must be noticed on the undersigned's calendar in accordance with the local rules of this court and so that such motions will be heard not later than October 18, 2018 for percipient witnesses and December 20, 2018 for expert witnesses. This paragraph does not preclude motions for continuances, temporary restraining orders or other emergency applications, and is subject to any special scheduling set forth in the "MISCELLANEOUS PROVISIONS" paragraph below.

  2. The parties should keep in mind that the purpose of law and motion is to narrow and refine the legal issues raised by the case, and to dispose of by pretrial motion those issues that are susceptible to resolution without trial. To accomplish that purpose, the parties need to identify and fully research the issues presented by the case, and then examine those issues in light of the evidence gleaned through discovery. If it appears to counsel after examining the legal issues and facts that an issue can be resolved by pretrial motion, counsel are to file the appropriate motion by the law and motion cutoff set forth supra.

  3. ALL PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY PRETRIAL MOTION. Counsel are reminded that motions in limine are procedural devices designed to address the admissibility of evidence. COUNSEL ARE CAUTIONED THAT THE COURT WILL LOOK WITH DISFAVOR UPON SUBSTANTIVE MOTIONS PRESENTED IN THE GUISE OF MOTIONS IN LIMINE AT THE TIME OF TRIAL.

  4. The last day for substantive motions, e.g., Motions for Summary Judgment, to be heard is January 31, 2019. The date for the motion hearing must be set at least 28 days in advance of that hearing date in accordance with Eastern District of California Local Rule 230. The briefing schedule for such motions is also controlled by this Local Rule.

EXPERT DISCLOSURE

5. All counsel (and/or pro se parties) are to designate in writing, file with the court, and serve upon all other parties, the names of all experts that they propose to tender at trial, if any, not later than November 12, 1018. Simultaneous designation of any supplemental/rebuttal experts is due no later than November 26, 2018. An expert witness not appearing on said lists will not be permitted to testify unless the party offering the witness demonstrates:

    (a) that the necessity of the witness could not have been reasonably anticipated at the time the lists were exchanged;

    (b) the court and opposing counsel were promptly notified upon discovery of the witness; and

    (c) that the witness was promptly proffered for deposition. Failure to provide the information required along with the expert designation may lead to preclusion of the expert's testimony or other appropriate sanctions.

6. For the purposes of this scheduling order, experts are defined as "percipient" and designated experts. Both types of experts shall be listed. Percipient experts are persons who, because of their expertise, have rendered expert opinions in the normal course of their work duties or observations pertinent to the issues in the case. Another term for their opinions are "historical opinions."

    (a) Percipient experts are experts who, unless also designated as retained experts, are limited to testifying to their historical opinions and the reasons for them. That is, they may be asked to testify to their opinions given in the past and the whys and wherefores concerning the development of that opinion. However, they may not be asked to render a current opinion for the purposes of the litigation.

    (b) Retained experts, who may be percipient experts as well, are specifically designated by a party to be a testifying expert for the purposes of the litigation. The retained Rule 26 expert may express opinions formed for the purposes of the litigation. A party designating a retained expert will be assumed to have acquired the express permission of the witness to be so listed.

7. The parties shall comply with the information disclosure provisions of Fed. R. Civ.

3

P. 26 (a)(2) (B) for any expert who is, in whole or in part, designated as a retained expert. This information is due at the time of designation. Failure to supply the required information may result in the striking of the retained expert. No reports are necessary for purely percipient experts. Retained experts are to be fully prepared to render an informed opinion at the time of designation so that they may fully participate in any deposition taken by the opposing party. Retained experts will not be permitted to testify at trial as to any information gathered or evaluated, or opinion formed, which should have been reasonably available at the time of designation and disclosed in the expert report. The court will closely scrutinize for discovery abuse deposition opinions which differ markedly in nature and/or in bases from those expressed in the mandatory information disclosure.

FINAL PRETRIAL AND TRIAL SCHEDULING

Pretrial Conference (as described in Local Rule 282) is set in this case for May 16, 2019 at 2:00 p.m. Pretrial Statements shall be filed in accordance with Local Rules 281.

This matter is set for jury trial on July 22, 2019 at 9:00 a.m.

SETTLEMENT CONFERENCE

A Settlement Conference will be set at the time of the Pretrial Conference but the parties, who have indicated an interest participating in the court's Voluntary Dispute Resolution Program may seek access to that program at any time during the course of the litigation.

MISCELLANEOUS PROVISIONS

There appear to be no other matters presently pending before the court that will aid the just and expeditious disposition of this matter.

IT IS SO ORDERED.

Pursuant to Fed. R. Civ. P. 16(b), THIS COURT SUMMARIZES THE SCHEDULING ORDER AS FOLLOWS:

1. Non-expert discovery must be completed as described in this order no later than November 15, 2018.

2. Expert disclosure must be made no later than November 12, 2018.

3. Supplementary expert disclosure must be made no later than November 26, 2018.

4. Expert discovery must be competed as described in this order no later than December 12, 2018 (percipient) and January 3, 2019 (retained).

5. Motions to compel non-expert discovery are to be noticed to be heard by October 18, 2018 in conformity with the requirements of Eastern District of California Local Rule 251.  Motions with respect to experts shall be noticed to be heard no later than December 12, 2018.

6. The last day for substantive pretrial motions (Motion for Summary Judgment) to be heard shall be January 31, 2019.

7. Pretrial Conference (as described in Local Rule 282) is set in this case for May 16, 2019 at 2:00 p.m.  Pretrial Statements shall be filed in accordance with Local Rules 281.

8. This matter is set for jury trial on July 22, 2019 at 9:00 a.m.

**IT IS SO ORDERED.**

Dated: April 30, 2018

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE