UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE LAWSON, | No. 2:17-cv-01276-TLN-CKD (PS) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| TEHAMA COUNTY, et al., | |
| Defendants. | |

Presently pending before the court is pro se plaintiff's motion to amend the second amended complaint.[1] (ECF No. 51.) Defendants have opposed this motion, and plaintiff has replied. (ECF Nos. 54-58.) The matter came on for hearing before the undersigned on December 5, 2018 at 10:00 a.m. At the hearing, plaintiff Lee Lawson appeared on his own behalf; Eric Della Santa appeared on behalf of defendant Roger Meyer; and David Norton appeared on behalf of defendants Tehama County, Buck Squire, Jerry Jungwirth, Keith Curl, and Agent Weston ("County defendants"). Upon review of the documents in support and opposition, upon hearing the arguments of counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

I.     RELEVANT BACKGROUND

Plaintiff initiated this action on June 22, 2017. (ECF No. 1.) His claims center around actions taken by the County defendants that resulted in the removal of greenhouses and trailers and the destruction of a well on plaintiff's property. (See generally, ECF No. 34.)

A.     Surviving Claims

After multiple motions to dismiss and opportunities to amend, the viable claims in this action have been narrowed to two: an equal protection/substantive due process claim against the County defendants pursuant to 28 U.S.C. § 1983, and a related state law trespass claim against defendant Roger Meyer. (See ECF Nos. 41, 45.)

Originally, plaintiff attempted to bring additional claims under the First, Fourth, and Fifth Amendments, which the court dismissed with prejudice, after giving plaintiff opportunities to amend these claims. (See ECF Nos. 33, 37, 41, 45.) As the court explained when ruling on defendants' first motion to dismiss, plaintiff also attempted to state a claim of conspiracy:

> 42 U.S.C. section 1983 is pled on the factual premises that the County defendants illegally encroached upon plaintiff's property and in the process conducted a search without a warrant as a prelude to issuing the citations for nuisance related to his placement of greenhouses and a trailer on his property, and for having an illegal, unpermitted well on the property. . . .
>
> The non-governmental defendant, Roger Meyer, is implicated in this claim on the ground that he allegedly participated in a conspiracy with the governmental defendants to invade plaintiff's rights. . . .

(ECF No. 22 at 4-5.) The court soundly rejected this claim of conspiracy in part because there were insufficient facts to establish such a claim, and in part because, after a November 2, 2017 hearing, it was apparent that plaintiff could not plead sufficient facts to demonstrate that defendant Meyer was a state actor, as required for any claim under 42 U.S.C. § 1983. (ECF No. 22 at 4-5, 10-11.)

B.     Relevant Procedural History

A scheduling order was issued in this case on April 30, 2018. (ECF No. 42.) The order explicitly admonished parties that "[n]o further joinder of parties or amendments to pleadings is permitted except with leave of court, good cause having been shown." (Id. at 1.) The deadline

for general discovery was set for November 15, 2018, with expert discovery to be completed by January 3, 2019. (Id. at 2.) All substantive motions are to be heard by January 31, 2019. (Id.) The final pretrial conference is set for May 16, 2019, with a jury trial to begin on July 22, 2019. (Id. at 4.)

Plaintiff first moved to amend the second amended complaint on October 9, 2018. (ECF No. 47.) Due to his retirement, Magistrate Judge Gregory G. Hollows recused himself from this matter, and the undersigned was reassigned for all further proceedings. (ECF No. 48.) The pending motion to amend was subsequently set before the undersigned. (ECF Nos. 51, 52.)

Plaintiff seeks leave to amend the second amended complaint in order to add Travis Stock ("Stock"), as a defendant. (ECF No. 51 at 1.) In his motion, plaintiff did not provide a proposed third amended complaint nor specify what claims he would bring against Stock. After defendants pointed this out in their oppositions (ECF Nos. 54, 57), plaintiff submitted a proposed third amended complaint with his reply (ECF No. 58 at 8-23).

The proposed third amended complaint is largely the same as second amended complaint, except that plaintiff seeks to add claims under the First, Fourth, and Fifth Amendments, pursuant to 42 U.S.C. § 1983. (Id. at 19.) In support of these new claims, plaintiff includes one additional paragraph of factual allegations:

> Travis Stock, owner of Tri-County Drill and Pump, had told Tehama County Code Enforcement that the Plaintiff had failed to pay him for the newly installed well on the Plaintiff's property which is not true. Kevin Moats hired and paid Travis Stock by means of the two cashier's checks in the amount of $11,500.00. Travis Stock was hired by Tehama County to destroy the Plaintiff's well. It was at this time that Clint Weston and Keith Curl conspired with Travis Stock and came up with a plan to declare the Plaintiff's well a "PUBLIC NUISANCE." Defendant Clint Weston then went before a Superior Court Judge and declared before this Judge that the Plaintiff had criminal intentions towards Tehama County Code Enforcement and Tehama County Sheriff's Dept. in order for him to get a NO-KNOCK warrant to enter the Plaintiff's property and destroy the well along with Travis Stock who did the actual destruction. In doing this the Plaintiff lost his entire 320 acres due to the financial strain their actions caused the Plaintiff.

(ECF No. 58 at 19.) Essentially, plaintiff proposes to state a claim of conspiracy, pursuant to 42 U.S.C. § 1983, between Stock and County defendants to violate plaintiff's Constitutional rights.

C. <u>Disclosures regarding Travis Stock</u>

Plaintiff was aware as early as November 2, 2017, that County defendants claim to have been informed by one of plaintiff's own contractors that his well did not comport with municipal regulations. As the court observed, "[p]laintiff clarified at the [November 2nd] hearing . . . that he did have a permit for the well, but the County's attorney explained that plaintiff's contractor, who installed the well had informed the County that the permit was for a domestic well but he had been contracted to install an agricultural well." (ECF No. 22 at 4.) Having this notice, plaintiff did not raise this issue in either of the two amended complaints that followed this hearing.

Subsequently, on April 5, 2018, County defendants informed plaintiff in their initial disclosures that "Travis Stock, Owner, Tri-Company Drilling & Pump, 20911 Walnut St., Red Bluff, California 96080" likely has discoverable information that defendants may use to support their defense. (Declaration of David R. Norton, ECF No. 57-1 ["Norton Decl."] Ex. A at 2.)

On August 16, 2018, defendant Clint Weston served answers to plaintiff's special interrogatories. (Norton Decl., Ex. B.) Plaintiff had asked for the identity of who complained about his well to which defendant Weston answered, "Roger Meyers; Travis Stock of Tri-County Drilling. . . ."[2] (Id. at 4.)

According to plaintiff, on October 2, 2018, during the County defendants' deposition of plaintiff, County defendants' attorney "stated on the record that Travis (owner of Tri-County) went to Tehama County Code Enforcement and complained that he had not been fully paid for the installation of the Plaintiff's well 8 months prior." (ECF No. 51 at 1-2.) This disclosure is what plaintiff asserts justifies his current request to amend. (Id.)

At no time during discovery did plaintiff attempt to depose Stock. Indeed, plaintiff has not performed any depositions, claiming that "[h]e has enough to win this case today without the need of [defendants'] false deposed testimony." (ECF No. 58 at 3.) Nor has plaintiff documented any efforts, beyond his special interrogatories, to obtain further information regarding Stock's

---

[2] At the December 5, 2018 hearing, plaintiff stressed that he never received a copy of Stock's complaint, even though he had asked for a copy of any complaints made about his well. However, plaintiff has waived any argument that defendants' interrogatory answers were inadequate because plaintiff did not file any motions to compel during the discovery period.

4

role in the issues at the heart of this matter.

II. LEGAL STANDARDS

Plaintiff's motion to amend the second amended complaint is construed as a motion to modify the scheduling order because no further amendment is permitted by the scheduling order. (See ECF No. 42 at 1.) According to the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

> Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." . . . Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. . . Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification.

Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (internal citations omitted). The Ninth Circuit has further clarified that "[t]he good cause standard typically will not be met where the party seeking to modify the scheduling order has been aware of the facts and theories supporting amendment since the inception of the action." In re W. States Wholesale Nat. Gas Antitrust Litig., 715 F.3d 716, 737 (9th Cir. 2013), aff'd sub nom. Oneok, Inc. v. Learjet, Inc., 135 S. Ct. 1591 (2015).

As a pro se litigant, plaintiff is expected to comport with these and all other rules governing federal practice. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (overruled on other grounds) ("Pro se litigants must follow the same rules of procedure that govern other litigants"); E.D. Cal. L.R. 183(a) ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on 'counsel' by these Rules apply to individuals appearing in propria persona").

/////

/////

III. DISCUSSION

Plaintiff has failed to demonstrate good cause to amend his second amended complaint because he did not diligently act to discover Stock's role in this matter. As explained, on November 2, 2017—over one year before the end of discovery—defendants notified plaintiff that a contractor plaintiff had hired had allegedly complained to the County about plaintiff's well. (ECF No. 22 at 4-5.) Then, seven months before the end of discovery, defendants notified plaintiff that Stock had information relevant to this matter. (Norton Decl., Ex. A.) And, three months before the end of discovery, defendants notified plaintiff that Stock had complained to the County about plaintiff's well. (Id. Ex. B.) Yet, during discovery plaintiff made no attempt to depose Stock. Nor did he file any motions to compel further information from defendants.

Plaintiff's carelessness here—failing to adequately investigate Stock's role and/or failing to join him as a defendant earlier—is clearly incompatible with a finding of diligence so as to constitute good cause for an amendment of the second amended complaint. Johnson, 975 F.2d at, 609.

Moreover, plaintiff's motion to amend the second amended complaint was heard after discovery has closed, with the deadline for filing substantive motions quickly approaching, and a jury trial set to begin on July 22, 2019. (ECF No. 42 at 2-4.) To allow further amendment of the complaint at this point would only prejudice defendants, as the parties agree that any such amendment would require the court to reopen discovery and move the trial date.

Even assuming that plaintiff had demonstrated good cause to amend the second amended complaint at this late juncture, his proposed amendment is futile. The court already dismissed, with prejudice, plaintiff's claim of conspiracy as well as plaintiff's claims under the First, Fourth, and Fifth amendments. (See ECF Nos. 33, 37, 41, 45.) Thus, plaintiff may not reallege these claims. Additionally, nothing in the proposed additional factual allegations changes the court's prior analysis on these issues. (See Id.)

IV. CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion to amend the second amended complaint (ECF No. 51) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156–57 (9th Cir. 1991).

Dated: December 7, 2018

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE