| | |
|---|---|
| LEE LAWSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TEHAMA COUNTY, et al.,<br><br>　　　　Defendants. | No. 2:17-cv-01276-TLN-CKD (PS)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

INTRODUCTION

Plaintiff Lee Lawson ("plaintiff") commenced this action on June 22, 2017, alleging numerous claims against defendants Tehama County, Lester Squire, Jerry Jungwirth, Keith Curl, Clint Weston (collectively "County Defendants"), and Roger Meyer. (ECF No. 1.) Plaintiff's claims relate to County Defendants' enforcement of Tehama County Code violations against plaintiff, as well as defendant Roger Meyer's alleged trespassing onto plaintiff's property. (See generally, ECF Nos. 1 and 34.)

On January 2, 2019, County Defendants and Roger Meyer each filed motions for summary judgment. (ECF Nos. 61, 62.) Plaintiff opposed defendants' motions and defendants replied. (ECF Nos. 63, 64, 66.) These matters came on for hearing before the undersigned on January 30, 2019 at 10:00 a.m. At the hearing, plaintiff Lee Lawson appeared on his own behalf; David Norton appeared on behalf of County Defendants; and Eric Della Santa appeared on behalf

1

of Roger Meyer. Upon review of the documents in support and opposition, upon hearing the arguments of counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

RELEVANT BACKGROUND

The background facts and evidence are largely undisputed. To the extent that any material factual dispute exists, the court resolves the dispute in plaintiff's favor for the limited purpose of adjudicating the pending motions for summary judgment.

Procedural History

After multiple motions to dismiss and opportunities to amend, the claims in this matter have been narrowed to an equal protection class-of-one claim, a selective prosecution substantive due process claim, and a Monell claim against County Defendants pursuant to 28 U.S.C. § 1983, as well as a state law trespass claim against defendant Roger Meyer. (See ECF Nos. 33, 41, 45.)

The deadline for general discovery was November 15, 2018, with expert discovery to be completed by January 3, 2019. (ECF No. 42 at 2.) The only deposition taken before the close of discovery was defendants' deposition of plaintiff. (Declaration of David R. Norton, ECF No. 61-4 at 94 ["Norton Decl."] ¶ 7.) Plaintiff conducted no depositions. (Id. at ¶¶ 7-8.)

On October 24, 2018, plaintiff moved to amend the second amended complaint ("SAC"), which the court denied. (ECF Nos. 51, 60, 67.) Subsequently, defendants filed the pending motions for summary judgment, which included separate statements of undisputed material facts. (ECF Nos. 61, 61-2, 62, 62-2.) Plaintiff failed to address either statement of undisputed material facts in his opposition. (See ECF No. 63.)

At the January 30, 2019 hearing, the undersigned specifically questioned plaintiff whether he disputes any of the material facts offered by defendants. Plaintiff responded that "nothing jumped out" to him. Instead, plaintiff continued to argue that he was not in violation of the Tehama County Codes and to stress that Tehama County only enforces violations on a complaint basis. Plaintiff failed to point to any evidence in the record demonstrating that other similarly situated individuals were treated differently than he was.

////

////

Tehama County Codes

During the relevant period, no person was allowed to occupy a travel trailer or recreational vehicle as a place of human habitation, for any period of time, within Tehama County.[1] Tehama County Code § 17.86.030(A). Additionally, prior to constructing a new building or structure in Tehama County, a property owner must first obtain a permit from the Building and Safety Department. Id. at § 15.02.310. "Any use of land, buildings, or premises established, operated, or maintained contrary to the provisions of any provision of [the Tehama County] code or state law" shall be declared a public nuisance. Id. at § 10.16.020(E).

Before constructing a well in Tehama County, a property owner must first obtain a permit from the Department of Environmental Health. Id. at § 9.42.210. In order to obtain such a permit, the property owner must identify, under penalty of perjury, the use to which the extracted groundwater will be put. Id at § 9.42.334(A). The code allows for essentially two permitted uses: (1) use of the well on the property of a permitted residence; or (2) use of the well for active commercial agricultural purposes. Id. at § 9.42.334(C).

A "dormant well" is defined as "any individual well . . . which has not been used to supply water to a permitted use located on the same parcel for a period of ninety days or more." Id. at § 9.42.399(A). Any dormant well that is not idled in the manner set forth by the code shall be declared a public nuisance and may be abated in the manner set forth in Chapter 10.16 of the code. Id. at § 9.42.399(B) and (E).

There is evidence in the record that Tehama County Code Enforcement typically enforces violations of the county code after receiving a complaint and investigating the matter. (Plaintiff's Explanation of Exhibits, ECF No. 63 at 15-130 ["Pl.'s EOE"] Exh. 10.)

Factual Background

On February 21, 2017, Tehama County Code Enforcement received a complaint from defendant Roger Meyer, regarding a "well & 3 plastic huts" on plaintiff's property. (County

---

[1] On October 10, 2018, the code was amended to allow unpermitted occupancy of a travel trailer for up to thirty days in a three hundred and sixty-five day period. See Tehama County Code § 17.86.030.

3

Defendants' Index of Exhibits, ECF No. 61-4 ["Cty. Defs.' IOE"] Exh. D.)  During the relevant time period, Meyer was plaintiff's neighbor.  (Plaintiff's Second Amended Complaint, ECF No. 34 ["SAC"] ¶ 10.)

On or around February 23, 2017, Code Enforcement Officers Keith Curl and Clint Weston and Deputy Sheriffs Lester Squire and Jerry Jungwirth went to Meyer's property to investigate his complaint.  (Declaration of Clint Weston, ECF No. 64-1 at 5-8 ["Weston Decl."] ¶ 3; Declaration of Keith Curl, ECF No. 64-1 at 15-18 ["Curl Decl."] ¶ 3.)  They encountered a woman on the road to plaintiff's property, later identified as Ms. Alexander.  (Id.; SAC ¶ 15.)  Ms. Alexander informed Officers Curl and Weston that she was living on plaintiff's property in a travel trailer.  (Weston Decl., ¶ 3; Curl Decl., ¶ 3.)

Officers Curl and Weston were able to view plaintiff's property while they were standing on Meyer's property.  (Weston Decl., ¶ 4; Curl Decl., ¶ 4.)  The officers viewed four large metal framed structures on plaintiff's property, later identified as greenhouses.  (Id.)  Officer Weston took photographs of the structures using a cell phone.  (Id.)  Officer Curl researched whether the Tehama County Building and Safety Department had issued permits for the structures, and whether plaintiff had any permits to allow for human habitation in his travel trailer.  (Curl Decl., ¶ 4.)  He discovered that no permits had been issued for either the structures or the occupied travel trailer.  (Id.)

On February 28, 2017, Officer Curl issued a notice of violation ("NOV") to plaintiff.  (Cty. Defs.' IOE, Exh. E.)  In the NOV, plaintiff was cited for: (1) having an occupied travel trailer or recreational vehicle on his property in violation of Tehama County Code § 17.86.030(A); and (2) having constructed/erected four large metal framed structures on his property without first obtaining the proper permits in violation of Tehama County Code § 15.02.310.  (Cty. Defs.' IOE, Exh. E.)  Plaintiff was directed to remove the travel trailer and the structures by March 10, 2017, in order to avoid fines in the amount of $100 per day for each violation.  (Id.)

After receiving the NOV, plaintiff meet with Officer Curl.  (Curl Decl. ¶ 5; SAC ¶ 17.)  Officer Curl reiterated that plaintiff violated the Tehama County Code by maintaining an

occupied travel trailer and unpermitted structures/greenhouses on his property. (Id.) Plaintiff agreed to remove the trailer and greenhouses from his property. (Id.) Officer Curl gave plaintiff until March 31, 2017 to do so, and plaintiff complied. (Id.; Cty. Defs.' IOE, Exh. G.)

Subsequently, in May 2017, Officer Weston learned that Travis Stock had installed a well on plaintiff's property. (Weston Decl., ¶ 5.) Stock appeared at the Code Enforcement Office and alleged that he had not been paid for the well, and therefore would not release documents needed to finalize the well permit. (Id.) Prior to this, Officer Weston did not know that plaintiff had a well drilled on his property. (Id.) Based on his knowledge of the investigation involving the unpermitted structures and the unpermitted travel trailer, Officer Weston believed that plaintiff was operating a well without a permitted use in violation of Tehama County Code § 9.42.334(C). (Id.) Specifically, he did not believe that plaintiff had a permitted residence on the property or that the property was used for an active commercial agricultural purpose. (Id.) Officer Weston did not physically inspect the property to reach this conclusion. (Pl.'s EOE, Exh. 21.)

On May 31, 2017, Officer Weston issued a second NOV to plaintiff, noting that plaintiff had a well on his premises that was determined to be without a permitted use. (Cty. Defs.' IOE, Exh. B.) Plaintiff was informed that he would be given an opportunity "to present evidence and elicit testimony [at a hearing before the Tehama County Planning Commission] regarding whether the condition(s) existing on the premises constitute a nuisance or whether there is any good cause why the said condition(s) should not be abated." (Id. at 1.)

The NOV also directed plaintiff to make the well inoperative by June 10, 2017, and contact Code Enforcement to report the abatement. (Id. at 2.) Plaintiff did not do so. (Weston Decl., ¶ 6.) Officer Weston re-inspected the parcel records on June 12, 2017, and found that no permits had been applied for, nor approved, to create a lawful use of plaintiff's well. (Id. at ¶ 7.)

At the Tehama County Planning Commission meeting on July 6, 2017, the commission conducted a hearing on the NOV.[2] (Cty. Defs.' IOE, Exh. G at 4-5.) At the hearing, Officer Curl

---

[2] "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). County Defendants request that the court take judicial notice of Tehama County

5

presented evidence supporting the NOV. (Id.) Plaintiff attended the hearing and admitted to having a well on his property without a permit. (Id.)

The Planning Commission approved a motion to stay the fines until August 17, 2017, to allow plaintiff additional time to secure the necessary permits for the well. (Id. at 5.) Plaintiff was admonished that if he failed to secure the proper permits within the time allotted, then he would be subject to fines and penalties. (Id.)

On August 17, 2017, the Planning Commission conducted another hearing on the NOV. (Cty. Defs.' IOE, Exh. I at 2.) Officer Curl and plaintiff each attended. (Id.) Officer Curl informed the Planning Commission that no paperwork had been turned in for the well. (Id.) Plaintiff did not dispute Officer Curl's testimony. (Id.) Nonetheless, plaintiff told the Planning Commission that he would not destroy his well. (Id.)

Consequently, the Planning Commission approved Resolution No. 17-09 that declared the well a public nuisance pursuant to Tehama County Code §§ 9.42.399(E) and 10.16.020(D)-(E). (Id.) On August 29, 2017, the Tehama County Board of Supervisors adopted the resolution. (Cty. Defs.' IOE, Exh. K at 12-13.) On or around September 21, 2017, Code Enforcement destroyed the well, after obtaining an administrative seizure warrant. (SAC, ¶¶ 28-31.)

Plaintiff testified that Tehama County is not enforcing its local ordinances against his next door neighbor. (Deposition of Lee Lawson, ECF No. 61-4 at 52-64 ["Lawson Depo."] 73:13-75:15.) However, plaintiff adduced no evidence regarding whether anyone has ever complained about his neighbor or if Tehama County has ever issued his neighbor a NOV.[3] (Id.)

The record contains evidence that other property owners in Tehama County have been allowed to maintain travel trailers without permits. Deputy Sheriff Christopher Smith has

---

Planning Commission Minutes and Tehama County Board of Supervisor Minutes. (See ECF No. 61-3.) This request is granted because each document is a public document that can be obtained through the official website for Tehama County. See https://www.co.tehama.ca.us/government.

[3] Plaintiff did testify that Officer Curl informed him that his neighbor did not have a permit for a greenhouse on his property. (Lawson Depo. 75:4-18.) But, plaintiff admitted that he did not have any evidence beyond what Officer Curl told him (id.), and plaintiff chose not to depose either Officer Curl or the neighbor.

declared that he has two unpermitted travel trailers on his property. (Declaration of Christopher Smith, ECF No. 61-4 at 90-91 ["Smith Decl."] ¶ 2.) Plaintiff has submitted photographs of several travel trailers located on properties near his own, for which County Defendants were unable to provide copies of any permits. (See Pl.'s EOE, Exhs. 14, 19.) There is no evidence, however, that any of these travel trailers are or were being used for human habitation. As to his travel trailers specifically, Deputy Smith declared "they are not, and have never been, used for human habitation." (Smith Decl., ¶ 2.)

LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) provides that "[a] party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." It further provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).[4] A shifting burden of proof governs motions for summary judgment under Rule 56. Nursing Home Pension Fund, Local 144 v. Oracle Corp. (In re Oracle Corp. Sec. Litig.), 627 F.3d 376, 387 (9th Cir. 2010). Under summary judgment practice, the moving party:

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting then-numbered Fed. R. Civ. P. 56(c)). "Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case." In re Oracle Corp. Sec. Litig., 627 F.3d at 387 (citing Celotex Corp., 477 U.S. at 325); see also Fed. R. Civ. P. 56 advisory committee's notes to 2010 amendments (recognizing that "a party who does not have the trial burden of production may rely on a showing that a party who does have the trial

---

[4] Federal Rule of Civil Procedure 56 was revised and rearranged effective December 10, 2010. However, as stated in the Advisory Committee Notes to the 2010 Amendments to Rule 56, "[t]he standard for granting summary judgment remains unchanged."

7

burden cannot produce admissible evidence to carry its burden as to the fact").

If the moving party meets its initial responsibility, the opposing party must establish that a genuine dispute as to any material fact actually exists. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-86 (1986). To overcome summary judgment, the opposing party must demonstrate the existence of a factual dispute that is both material, i.e., it affects the outcome of the claim under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc., 618 F.3d 1025, 1031 (9th Cir. 2010), and genuine, i.e., "'the evidence is such that a reasonable jury could return a verdict for the nonmoving party,'" FreecycleSunnyvale v. Freecycle Network, 626 F.3d 509, 514 (9th Cir. 2010) (quoting Anderson, 477 U.S. at 248). A party opposing summary judgment must support the assertion that a genuine dispute of material fact exists by: "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."[5] Fed. R. Civ. P. 56(c)(1)(A)-(B). However, the opposing party "must show more than the mere existence of a scintilla of evidence." In re Oracle Corp. Sec. Litig., 627 F.3d at 387 (citing Anderson, 477 U.S. at 252).

In resolving a motion for summary judgment, the evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. Moreover, all reasonable inferences that may be drawn from the facts placed before the court must be viewed in a light most favorable to the opposing party. See Matsushita, 475 U.S. at 587; Walls v. Cent. Contra Costa Transit Auth., 653 F.3d 963, 966 (9th Cir. 2011). However, to demonstrate a genuine factual dispute, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 586-87 (citation

---

[5] "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

8

omitted).

DISCUSSION

County Defendants move for summary judgment of plaintiff's federal claims on the grounds that plaintiff has failed to adduce evidence to establish any of the elements of either an equal protection class-of-one claim or a selective prosecution substantive due process claim. (See generally ECF No. 61-1.) Similarly, defendant Roger Meyer moves for summary judgment of plaintiff's state law claim on the grounds that plaintiff has failed to adduce evidence that Roger Meyer trespassed on plaintiff's property. (See generally ECF No. 62-2.)

Class-of-One Equal Protection Claim

The Supreme Court has recognized Fourteenth Amendment "equal protection claims brought by a 'class of one,' where the plaintiff alleges that []he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). In so doing, the Court "explained that [t]he purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." Id. (internal citations and quotation marks omitted).

According to the Ninth Circuit, to prevail in on a class-of-one claim, a plaintiff must demonstrate that the governmental defendants: "(1) intentionally (2) treated [plaintiff] differently than other similarly situated property owners, (3) without a rational basis." Gerhart v. Lake Cty., Mont., 637 F.3d 1013, 1022 (9th Cir. 2011).

*Intentionality*

A class-of-one plaintiff "must show that the discriminatory treatment 'was intentionally directed just at him, as opposed . . . to being an accident or a random act.'" N. Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008). At the same time, a class-of-one plaintiff need not demonstrate that the governmental defendants "were motivated by subjective ill will." Gerhart, 637 F.3d at 1022.

////

As the court previously determined, "[w]hile Lawson may not have to allege ill will of the individual defendants, that is what he has alleged, and must prove." (ECF No. 33 at 10, n. 10; <u>see also</u> ECF Nos. 34, 37.) At the same time, plaintiff has failed to adduce even a scintilla of admissible evidence to suggest that County Defendants intentionally directed differential treatment at plaintiff, let alone that they had any ill will toward him.

Instead, plaintiff has offered unsupported allegations of malicious intent. For example, plaintiff alleged that defendant Meyer conspired with County Defendants "to maliciously prosecute Plaintiff on false charges of creating a public nuisance and for growing marijuana for the purpose of ultimately depriving Plaintiff from utilizing his property in a manner he wanted and to force Plaintiff to sell his property and move away." (SAC ¶ 14.) Plaintiff also alleged that when obtaining the administrative warrant to destroy his well, Officer Weston intentionally or negligently lied in an affidavit, claiming that people on plaintiff's property "walk around with assault rifles and have fired shots . . . [and that] Lawson stated if Law Enforcement was to return to his property that 'they had better come prepared.'" (SAC ¶ 28.) Such unsupported speculation as to defendants' intent toward plaintiff is wholly insufficient to support a claim at summary judgment.

Even though County Defendants raised this issue in their motion for summary judgment, plaintiff completely ignored the element of intentionality in his opposition. (<u>See</u> ECF Nos. 61-1 at 15; 63 at 1-12.) Then, at the hearing on this motion, the undersigned asked plaintiff to point to evidence in the record demonstrating that County Defendants intentionally treated him differently than other similarly situated individuals. All plaintiff could point to is that Tehama County enforces code violations on a complaint basis.

As previously observed, the court "need not determine whether a 'complaint only' enforcement policy *per se* of health and safety ordinances violates the Equal Protection clause . . . [as plaintiff] does not simply assert that because actions were not taken against other violators in the absence of a complaint, he has established an Equal Protection violation. He alleges much

////

////

more including arbitrary or nefarious actions. . . ."[6]  (ECF No. 33 at 10, n. 9.)

No reasonable trier of fact could find that County Defendants intentionally directed discriminatory treatment at plaintiff or that their actions were motivated by ill will.  The undisputed evidence in the record demonstrates that each NOV was issued after County officials received a complaint, investigated the matter, and discovered violations of the Tehama County Code.  (See Cty. Defs.' IOE, Exh. D; Curl Decl. ¶¶ 3-6; Weston Decl. ¶¶ 3-6.)

*Similarly Situated*

A class-of-one plaintiff must also show that he has been treated differently than other similarly situated individuals.  Many courts have determined that this requirement should be enforced "with particular strictness when the plaintiff invokes the class-of-one theory rather than the more settled cognizable-group theory." Warkentine v. Soria, 152 F. Supp. 3d 1269, 1294 (E.D. Cal. 2016) (citing JDC Mgmt., LLC v. Reich, 644 F.Supp.2d 905, 926 (W.D. Mich. 2009)).  "[U]nless carefully circumscribed, the concept of a class-of-one equal protection claim could effectively provide a federal cause of action for review of almost every executive and administrative decision made by state actors." Jennings v. City of Stillwater, 383 F.3d 1199, 1210-11 (10th Cir. 2004).

Accordingly, the Second Circuit has held that "class-of-one plaintiffs must show an extremely high degree of similarity between themselves and the persons to whom they compare themselves." Clubside, Inc. v. Valentin, 468 F.3d 144, 159 (2d Cir. 2006).  Similarly, the Seventh Circuit has held that a class-of-one plaintiff must be "prima facie identical in all relevant respects or directly comparable . . . in all material respects" to whom they compare themselves. United States v. Moore, 543 F.3d 891, 896 (7th Cir. 2008).

Here, plaintiff has failed to point to any other sufficiently similar individuals who received differential treatment.  First, it is undisputed that plaintiff was cited for having an *occupied* travel trailer on his property.  (See Cty. Defs.' IOE, Exh. E.)  Plaintiff has submitted photographs of

---

[6] While the court was commenting on the first amended complaint here, plaintiff's allegations regarding his class-of-one claim—including those of subjective ill will by defendants—are nearly identical in the second amended complaint.  (Compare FAC ¶¶ 12-36, with SAC at ¶¶ 12-38.)

several travel trailers to demonstrate that other property owners in Tehama County are allowed to maintain travel trailers without permits. (ECF No. 63 at 9; Pl.'s EOE, Exhs. 14, 19.) Even assuming these photographs to be properly authenticated with proper foundation,[7] plaintiff has failed to submit evidence to demonstrate that any of these trailers are or were being used for human habitation. Indeed, while Deputy Smith admitted to having two unpermitted travel trailers on his property, he declared "they are not, and have never been, used for human habitation." (Smith Decl., ¶ 2.) Plaintiff has not pointed to any evidence that Tehama County has treated any property owner with an *occupied* travel trailer on his or her property differently than plaintiff.

Second, as to plaintiff's unpermitted structures/greenhouses, plaintiff testified that Officer Curl informed him that his neighbor did not have a permit for his greenhouse. (Lawson Depo. 74:8-75:18.) Yet, plaintiff never spoke to his neighbor about the greenhouse, and he does not know if his neighbor was ever issued a NOV or if anyone ever complained about this structure. (Id.) Plaintiff chose not to develop the record on this point, as he failed to depose either Officer Curl or his neighbor. Even assuming that plaintiff's neighbor has an unpermitted greenhouse on his property, plaintiff has failed to demonstrate a high degree of similarity between him and his neighbor, as there is no evidence whether the neighbor has been issued a NOV or whether anyone has complained about the neighbor's greenhouse.

Third, as to his well, plaintiff has failed to point to any evidence regarding other wells in Tehama County or how other well owners have been treated by County Defendants.

Therefore, based on the record in this matter, no reasonable trier of fact could conclude that County Defendants treated plaintiff differently than other similarly situated property owners, as to his occupied travel trailer, greenhouses, or well.

////

////

---

[7] County Defendants submit several evidentiary objections to the documents filed in support of plaintiff's opposition. (See ECF No. 64-1 at 2-4). For the purposes of these Findings and Recommendations only, the court has considered this evidence, and will therefore overrule County Defendants' objections. However, such ruling is not on the merits of the objections and does not suggest that the objections are not well-taken.

### *Rational Basis*

Finally, a class-of-one plaintiff must demonstrate that the actions against him were without a rational basis. "[T]he rational-basis inquiry is a very lenient one." RUI One Corp. v. City of Berkeley, 371 F.3d 1137, 1156 (9th Cir. 2004). The governmental actor "need not articulate its reasoning at the moment a particular decision is made. Rather, the burden is upon the challenging party to negate "any reasonably conceivable state of facts that could provide a rational basis for the classification." Bd. of Trustees of Univ. of Alabama v. Garrett, 531 U.S. 356, 367 (2001) (citing Heller v. Doe by Doe, 509 U.S. 312, 320 (1993). "Governmental action only fails rational basis scrutiny if no sound reason for the action can be hypothesized." Occhionero v. City of Fresno, No. CVF 05-1184 LJOSMS, 2008 WL 2690431, at *11 (E.D. Cal. July 3, 2008), aff'd, 386 F. App'x 745 (9th Cir. 2010) (citing Garrett, 531 U.S. at 367.)

In his opposition, plaintiff conclusively argues that he "can show that defendants acted without a [rational] basis," without pointing to any evidence to support this assertion. (ECF No. 63 at 5.) Instead, the undisputed evidence demonstrates that after County Defendants received a complaint about plaintiff's property, they encountered an individual who admitted to living in a travel trailer on plaintiff's property and they discovered four unpermitted structures/greenhouses on plaintiff's property. (Weston Decl., ¶¶ 3-4; Curl Decl., ¶¶ 3-4).

Even assuming that County Defendants technically erred in their enforcement here, there is nothing to suggest that their actions lacked a rational basis. Indeed, the undisputed facts in the record resemble a routine code enforcement action, especially because plaintiff does not dispute that he did not have the required permits for his occupied travel trailer and greenhouses.

As to his well, plaintiff asserts that because defendants did not actually inspect his well, they therefore issued an illegitimate NOV. (ECF No. 63 at 8.) Plaintiff also submitted photographs of his well to demonstrate that the well was not a public nuisance. (ECF No. 63 at 8; Pl.'s EOE, Exhs. 13, 23.) Even assuming these photographs to be properly authenticated with proper foundation, plaintiff has failed to submit evidence to demonstrate that County Defendants' decision as to his well lacked any rational basis.

////

Importantly, this action is not a direct appeal of Tehama County's resolution regarding plaintiff's well. Thus, plaintiff's arguments that his well was not a public nuisance are inconsequential and off topic. Plaintiff should have directly challenged the resolution by filing a writ of mandate in state court, if he wanted to raise these issues. See Cal. Civ. Proc. Code § 1094.5. The relevant question for this action, at the current stage of summary judgment, is whether there was a rational basis—even if technically incorrect—for County Defendants' actions regarding plaintiff's well.

The undisputed evidence here demonstrates that plaintiff was issued a NOV regarding his well, and was given multiple opportunities to correct the identified issue. Plaintiff admitted to having an unpermitted well at a hearing before the Tehama County Planning Commission. (Cty. Defs.' IOE, Exh. G at 4-5.) At a subsequent hearing, plaintiff stated that he would not destroy his well, even though it remained unpermitted. (Cty. Defs.' IOE, Exh. I at 2.) Thus, even assuming that plaintiff's well was not physically inspected before he was issued the NOV, plaintiff's subsequent admission that he was maintaining a well that was in fact unpermitted, supports the rationality of County Defendants' actions.

No reasonable trier of fact could conclude that plaintiff has adduced sufficient evidence to negate the "reasonably conceivable state of facts" demonstrating that County Defendants' routine code enforcement measures were based upon a reasonable belief that plaintiff had violated the Tehama County Code. See Garrett, 531 U.S. at 367.

Selective Prosecution Equal Protection Claim

"To establish impermissible selective prosecution [under the Fourteenth Amendment], a defendant must show that others similarly situated have not been prosecuted and that the prosecution is based on an impermissible motive." United States v. Lee, 786 F.2d 951, 957 (9th Cir. 1986); see Freeman v. City of Santa Ana, 68 F.3d 1180, 1187 (9th Cir. 1995), as amended on denial of reh'g and reh'g en banc (Dec. 29, 1995). For the same reasons stated above, plaintiff has failed to provide evidence to prove either element of his selective prosecution claim. As discussed, plaintiff has failed to adduce any evidence of others similarly situated, nor that he was treated differently based upon some impermissible motive. Rather, the evidence demonstrates

that there was a rational basis for County Defendants' investigations and enforcement actions against plaintiff's unpermitted occupied travel trailer, greenhouses, and well.

Monell Claims

Plaintiff names Tehama County as a defendant to his federal claims. (See generally SAC.) However, since there is no respondeat superior liability under § 1983, counties and municipalities may be sued under § 1983 only upon a showing that an official policy or custom caused the constitutional tort. Monell v. New York City Dep't of Social Services, 436 U.S. 658, 691-94 (1978). Stated differently, "[i]t is only when the execution of the government's policy or custom. . . inflicts the injury that the municipality may be held liable under § 1983." Canton v. Harris, 489 U.S. 378, 385 (1989). Because plaintiff has failed to establish any underlying constitutional tort by any of the individual Tehama County officials in this matter, his Monell claim against Tehama County necessarily fails.

State Law Claims

While plaintiff originally sought to plead a claim of conspiracy among Roger Meyer and the various County Defendants, that claim has been dismissed by the court. (See ECF Nos. 22 at 11; 33; 41 at 5; 45.) Thus, the only remaining claim is a state law trespass claim against Meyer. Given that the federal claims have dropped out in the context of a motion for summary judgment at a time before trial, and that there is no complete diversity of citizenship with all parties being citizens of California, the undersigned recommends that the court decline to exercise supplemental jurisdiction over plaintiff's state law claim. See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if – the district court has dismissed all claims over which it has original jurisdiction"); see also Acri v. Varian Associates, Inc., 114 F.3d 999, 1000-01 (9th Cir. 1997) ("'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims'"), quoting Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 n.7 (1988).

////

////

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The motion for summary judgment by defendants Tehama County, Lester Squire, Jerry Jungwirth, Keith Curl, and Clint Weston (ECF No. 61) be GRANTED.
2. Summary judgment be granted in favor of defendants as to all of plaintiff's federal claims pursuant to 28 U.S.C. § 1983.
3. The court decline to exercise supplemental jurisdiction over plaintiff's state law trespass claim against defendant Roger Meyer.
4. Defendant Roger Meyer's motion for summary judgment (ECF No. 62) be DENIED without prejudice as moot.
5. The clerk of court be directed to vacate all dates and close this case.

In light of these recommendations, IT IS ALSO HEREBY ORDERED that all motion practice in this action is STAYED pending resolution of the findings and recommendations. With the exception of objections to the findings and recommendations and any non-frivolous motions for emergency relief, the court will not entertain or respond to any motions and other filings until the findings and recommendations are resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: February 14, 2019

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE